UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TED PARDO & KATHLEEN PARDO,

        Plaintiffs,

vs.                              Case No.  2:05-cv-359-FtM-33DNF

FLEETWOOD MOTOR HOMES OF
PENNSYLVANIA, INC.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant Fleetwood's Motion to Dismiss And Motion to Strike Repugnant Portions of Complaint (Doc. # 3), filed on August 2, 2005.  Plaintiffs Ted and Kathleen Pardo filed a Memorandum of Law in Opposition to Defendant Fleetwood's Motion to Dismiss (Doc. # 7) on August 17, 2005. Plaintiffs also filed a Notice of Voluntary Dismissal of Counts 2-5 Only (Doc. # 20) on November 8, 2005.  Because the Plaintiffs have voluntarily dismissed the counts that were the subject of Defendant's Motion to Dismiss, the Motion to Dismiss is moot.  This order is thus confined to ruling on the Motion to Strike.

**I. Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading.  However, "[a] motion to strike will 'usually be denied unless the allegations

1

have no possible relation to the controversy and may cause prejudice to one of the parties.'" <u>Scelta v. Delicatessen Support Servs., Inc.</u>, 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999)(quoting <u>Seibel v. Soc'y Lease, Inc.</u>, 969 F. Supp. 713, 715 (M.D. Fla. 1997)); <u>see</u> <u>Augustus v. Bd. of Pub. Instruction</u>, 306 F.2d 862 (5th Cir. 1962)(motions to strike are disfavored and rarely granted). Even if "the offending matter literally is within one or more of the categories set forth in Rule 12(f)," the motion to strike should be denied "when the court believes that no prejudice could result from the challenged allegations." Wright & Miller, Federal Practice & Procedure: Civil § 1382 at 443-44 (2004); <u>See also</u> <u>Rawson v. Sears Roebuck & Co.</u>, 585 F. Supp. 1393, 1397 (D. Co. 1984)(holding that "defendant must demonstrate that it will be unduly prejudiced if the[] allegations are not stricken."). It is generally true that a motion to strike "is not the proper procedure to place plaintiff's pleadings in issue" when a defendant disagrees with the contentions in a complaint. <u>Cash v. Frederick & Co., Inc.</u>, 57 F.R.D. 71, 78 (E.D. Wis. 1972); <u>see</u> <u>also</u> <u>Augustus</u>, 306 F.2d at 868 ("a disputed fact question cannot be decided on a motion to strike.").

**II. Analysis**

Fleetwood requests that this Court strike two parts of the Pardos' complaint.  First, Fleetwood argues that this Court should strike all of the Pardos' references to Fleetwood as a "Full Warrantor."  Second, Fleetwood requests that this Court strike all references to punitive damages in the complaint.

2

**A.   References to Fleetwood as "Full Warrantor"**

First, Fleetwood has moved to strike as scandalously repugnant all references to it as "Full Warrantor" because Fleetwood asserts that it is, in fact, only a limited warrantor.  Fleetwood argues that this label should be stricken because "[t]here is legal significance between a 'full warranty' and a 'limited warranty' under the Magnuson Moss Warranty Act, as 'limited warranties' are not required to meet various minimum standards set forth in 15 U.S.C. § 2304 and are not subject to its 'refund' provision." (Doc. # 3, p. 9, n.4).  The Pardos oppose the motion to strike on the basis that they do not use the term "Full Warrantor" in the legal sense of the term; rather, the term "Full Warrantor" is used factually to describe who the Pardos believe to be the warrantor of the mobile home.  (Doc. # 7, p. 2).

This Court concludes that the term "Full Warrantor" is not scandalously repugnant in this context.  "'[S]candalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.  It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action."  Wright & Miller, Federal Practice & Procedure: Civil § 1382 at 465-66 (2004)(citing <u>Atraqchi v. Williams</u>, 220 F.R.D. 1 (2004)(where the court struck a complaint that alleged "a world-wide religious inquisition, illegal wiretapping by the U.S. Government and others to homosexualize [plaintiffs] and convert [plaintiffs] to this cult, and conspiracy against [plaintiffs] by

3

Black people," stemming from an incident where the plaintiff was punched in the nose at a Safeway grocery store)).  Fleetwood has not only failed to show that the term "Full Warrantor" is unduly prejudicial, but also it appears that any potential burden imposed by its use is mitigated by the fact that the Pardos have unequivocally stated that "Full Warrantor" is not used in the legal sense of the term.

Fleetwood will be given the opportunity at a later juncture to rebut the Pardos' allegation that it provided a full warranty on the mobile home.  Fleetwood has not convinced the Court that the material it wishes stricken is scandalously repugnant; therefore, Fleetwood's motion to strike the term "Full Warrantor" is denied.

**B. References to Punitive Damages**

Second, Fleetwood moves to strike references to punitive damages in the Pardos' complaint.  Specifically, it asserts that paragraphs 27, 29, 31, 33, and 35 contain unfounded references to punitive damages that fail to comply with Section 768.72(1),

Florida Statutes.[1,2] (Doc. # 3, p. 10). Plaintiff counters that it was required to plead punitive damages before it was given the opportunity to uncover support for its claim during discovery since a failure to plead such damages might amount to a waiver. (Doc. # 7, p. 10).

The Eleventh Circuit made clear in Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), that "Florida Statute § 768.72 conflicts with and must yield to the 'short and plain statement' rule contained in Federal Rule of Civil Procedure 8(a)(3)." Id. at 1072. Cohen established that a plaintiff in a diversity action who pleads punitive damages in federal court is under no obligation to show evidence in the record that would provide a basis for its demand. In federal court, a plaintiff must only comply with Rule 8(a)(3), which merely requires that the

---

[1] Section 768.72(1) states that

[i]n any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.

[2] It is difficult to determine why Fleetwood argues that state law should apply, particularly since its removal of this action was predicated in part on federal question jurisdiction. Because Fleetwood also alleges diversity of citizenship, the Court must assume that Fleetwood believes that the result would somehow be different in a diversity analysis. Of course, for the reason set forth below, Fleetwood was mistaken.

pleading set forth "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a)(3). It is clear from its face that the Pardos' complaint is in compliance with Rule 8(a)(3). Since the Pardos complied with the requirements for pleading punitive damages in federal court, the motion to strike references to punitive damages is denied.

### III. Conclusion

For the reasons stated herein, Fleetwood's Motion to Strike is **DENIED**.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Fleetwood's Motion to Dismiss (Doc. # 3) is **MOOT**.

(2) Defendant Fleetwood's Motion to Strike (Doc. # 3) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 20th day of November, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

6