UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TED PARDO, KATHLEEN PARDO,

        Plaintiff,

vs.                              Case No. 2:05-cv-359-FtM-99DNF

FLEETWOOD MOTOR HOMES OF PENNSYLVANIA, INC.; WORKHORSE CUSTOM CHASSIS, LLC

        Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant Workhorse Custom Chassis, LLC's Motion to Dismiss Count IV of Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Doc. #31-1) filed on February 9, 2006. Plaintiffs filed their Opposition (Doc. #32-1) on February 22, 2006. Also before the Court is Defendant's Workhorse Custom Chassis, LLC. Motion for Summary Judgment [as to Counts III and IV] (Doc. #42), filed on July 14, 2006. No response has been filed, and the time to respond has expired.

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts

that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint simply must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharm., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005).

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317,

323 (1986); <u>Hickson Corp. v. Northern Crossarm Co., Inc.</u>, 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial motion. <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 322; <u>Hilburn v. Murata Elecs. N.Am., Inc.</u>, 181 F.3d 1220, 1225 (11th Cir. 1999).

## II.

The facts set forth in the Amended Complaint are as follows: plaintiffs Ted and Kathleen Pardo ("the Pardos") purchased a 2004 Fleetwood Storm ("Motor Home") from Fleetwood Motor Homes of Pennsylvania Inc. ("Fleetwood") for $109,517.05. Fleetwood issued a written warranty on the Motor Home to the Pardos in which Fleetwood represented that it was authorized to offer a warranty providing coverage on the entire Motor Home and all its parts, components, and features, as well as other warranties fully outlined in the warranty documents. Workhorse Custom Chassis, LLC ("Custom Chassis") issued a written warranty on the Motor Home's chassis and related parts, as well as other warranties outlined in the warranty documents.

After the purchase, the Pardos experienced defects and non-conformities within the Motor Home that diminish its value and/or substantially impair its use and value, including defective electrical system, dash air conditioning system, interior and exterior trim, floor, leveling system, steering/suspension system, alignment, cruise control system; water leaks; persistent shimmy/vibration; recalls.  The Pardos provided Fleetwood the opportunity to repair the defects and non-conformities, but Fleetwood failed to do so.

The Pardo's Amended Complaint brings four claims: Count I against Fleetwood for breach of written warranty in violation of 15 U.S.C. §2301, the Magnuson-Moss Warranty Act, and Count II for a violation of 16 C.F.R. §701.3; Counts III and IV for the same claims against Custom Chassis.

### III.

Custom Chassis argues that judgment must be granted in its favor as to the Count III breach of written warranty claim in violation of the Magnuson-Moss Act[1].  Specifically, Custom Chassis asserts that there is no record evidence of the existence of an unrepaired chassis defect covered by its New Chassis Limited Warranty, and no evidence that plaintiffs notified Custom Chassis

---

[1] The Magnuson-Moss Warranty Act allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. §2310(d)(1).

of any failure to repair defects or afforded it an opportunity to correct defects. After reviewing the summary judgment record, the Court concludes that defendant is correct. Accordingly, the motion will be granted as to Count III.

Custom Chassis argues that Count IV, which alleges violation of 16 C.F.R. §701.3, must be dismissed, or judgment entered in its favor. 16 C.F.R. §701.3 provides in pertinent part,

> Any warrantor warranting to a consumer by means of a written warranty a consumer product actually costing the consumer more than $15.00 shall clearly and conspicuously disclose in a single document in simple and readily understood language, the following items of information:
>
> (1) The identity of the party or parties to whom the written warranty is extended, if the enforceability of the written warranty is limited to the original consumer purchaser or is otherwise limited to persons other than every consumer owner during the term of the warranty;
>
> (2) A clear description and identification of products, or parts, or characteristics, or components or properties covered by and where necessary for clarification, excluded from the warranty;

Plaintiffs attached Custom Chassis' warranty documents to their Amended Complaint[2] (Doc. #26-4) and to their Opposition (Doc. #32).

The Court has reviewed Custom Chassis' warranty, including the two missing pages which Custom Chassis attached to their Motion to Dismiss (Doc. #31). The Court finds that Custom Chassis' warranty complies with the requirement that it clearly

---

[2]Custom Chassis points out in its Motion to Dismiss that plaintiff left out pages 7-9 and 7-10 of the warranty and included said pages in its Motion.

and conspicuously disclose its warranty in a single document in simple and readily understood language.  Additionally, the only relief requested in Count IV is estoppel of disclaiming liability for any component parts warranted by others.  Since judgment is to be entered as to the only other count as to Custom Chassis, this requested relief is moot.  Other arguments raised by defendant need not be addressed.

Accordingly, it is now

**ORDERED:**

1.  Defendant Workhorse Custom Chassis, LLC's Motion to Dismiss Count IV of Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Doc. #31-1) is **GRANTED,** and Count IV is dismissed.

2. Defendant's Workhorse Custom Chassis, LLC. Motion for Summary Judgment (Doc. #42) is **GRANTED** as to Count III, and **DENIED** as moot as to Count IV.

3.  The Clerk shall withhold the entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of December, 2006.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record